OSACAR vs. LOUISANA STATE INSURANCE COMPANY.

When it becomes necessary to place goods in launches to transport them from the ship to the port of destination, they are at the insurer's risk until landed.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The judgment in this case condemns the defendants to the payment of a sum insured by them, with interest from the date of the judicial demand. Both the parties complained of it. The plaintiff appealed because interest was not given on it from his first application to the defendants; and they have prayed for a revisal of the judgment, on an allegation that no proof of a loss was administered.

We shall consider the last objection first: because if there was no proof of the loss, nothing is due to the plaintiff; and, consequently, it is idle to talk of interest.

The testimony and documents shew the vessel, whose cargo was insured, arrived in

the roadstead at Soto La Marina, in Mexico, on the last day of July; that the town is at the distance of twenty leagues; that there is but few feet of water on the bar, and the vessel, as all others do, anchored outside; that goods are carried up to town in launches, after having been landed at a small military post inside the bar; that two launches were loaded from the vessel, and carried their loading to the town; that on the sixth of August, a tempest compelled the vessel to sail away; that the tempest increased on the following day, and she never was heard of; and it was supposed, from the quantity of broken timber that floated on shore, she was lost.

EasternDis'ct
Feb'ary, 827

OSACAR
vs.
THE LOUISI-
ANA STATE
INSURANCE
COMPANY.

On this the district court, deducting the amount of the goods brought to town in the two launches, from the sum insured, gave judgment for the balance.

The defendants' counsel contend, that the vessel was about five days in the roadstead, and might have landed all her lading—and, perhaps, did.

We are of opinion the district judge did not err; the goods were insured to Soto la Marina, and were at the insurer' isk, till they reached that place in the launches. It

is in evidence that goods are, at times, carried on mules from the port to the town; it is clear when this is done, as the insurance is a marine one, there is no responsibility for land risks—but nothing shews this was the case in the present instance.

It is in evidence that two launches were loaded from the insured vessel, and brought their lading to town; the defendants' counsel urges the plaintiff has not shewn that no more was landed. This he could not do, for a negative cannot be proven; if more was landed, the defendants ought to have shewn it.

As to the interest, as there was no evidence of any actual loss at the time of the abandonment, and the plaintiff could only recover on the presumption to which the total want of any account of the vessel, during one year, gave rise: we are clear the judge acted correctly, in denying interest from the abandonment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Strawbridge* for the plaintiff, *Eustis* for the defendant.